## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COUNTY OF MORRIS,** | **Civil Action Number:** |
| **Plaintiff,** | **2:10-cv-6616** |
| **v.** | **OPINION** |
| **STATE NATIONAL INSURANCE,** *et al.***,** | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

## <u>OPINION</u>

Before the Court is the report and recommendation of the Magistrate Judge below recommending denying Plaintiff's motion to remand, and granting Defendants' cross-motion to amend their notice of removal. Plaintiff sought remand based on the purported lack of unanimity among Defendants, *i.e.*, Defendant Inservco Insurance Services has not joined the remand motion. *Balazik v. County of Dauphin*, 44 F.3d 209 (3d Cir. 1995). Defendants (and, apparently, Inservco) contend that Inservco has not been effectively served and, therefore, the motion to remand is effective, notwithstanding Inservco's failure to join the motion. *Lewis v. Rego*, 757 F.2d 66 (3d Cir. 1985).

Motions to remand to state court are dispositive motions. *In re United States Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). Where, as here, no timely objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is "satisf[ied] . . . that there is no clear error on the face of the

1

record." Fed. R. Civ. P. 72 Advisory Committee's Notes (citation omitted).[1]

Having examined the report and recommendation and the filings of the parties (before the Magistrate Judge), the Court is satisfied that the Magistrate Judge below applied the correct legal standard based on the factual record developed by the parties. On the record before the Court, Plaintiff's service on Defendant Inservco was defective as a matter of New Jersey state law relating to service of process. Thus remand based on lack of unanimity among Defendants is not appropriate.

Defendants have cross-moved to cure a technical defect in their notice of removal, i.e., to specify each entity's citizenship both at the time of removal and at the time the state-court complaint was filed. In their notice of removal, removing Defendants stated their citizenship, but without clarifying if it applied to the time the complaint was filed, or to the time of removal, or both. As the Magistrate Judge indicated in his report, amendments to cure jurisdictional allegations are freely granted.

This Court is satisfied that there is no clear error on the face of the record to warrant denial of the Magistrate Judge's recommendation. The Report and Recommendation is adopted. Plaintiff's motion to remand is **DENIED**. Defendants' cross motion to amend is **GRANTED**. An appropriate order accompanies this opinion.

DATE: May 16, 2011

s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[1] *Peerless Ins. Co. v. Ambi-Rad, Ltd.*, 2009 WL 790898, at *4 (D.N.J. March 23, 2009); *cf. United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1006 (3d Cir. 1987) (explaining that absent objections, "the district court [should] provide *some level of review* to dispositive legal issues raised by the report" (emphasis added)).